IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH A. WASHINGTON,

        Plaintiff,                      No. CIV S-11-2113 EFB P

    vs.

J. BROWN, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 4.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II. Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's June 28, 2011 complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed because it fails to state a claim and also, because it is clear from the complaint that plaintiff has not exhausted his administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

### A. Failure to State A Claim

Plaintiff names Governor Brown as the sole defendant in this action. Plaintiff alleges he is "not receiving proper care due to overcrowding issues," and that he is "still being held in prison," even after the United States Supreme Court ruled that overcrowding in California's prisons is a constitutional violation. He asks that he be released from prison and that he receive $500 for every day he remains in prison after the Supreme Court's ruling. *See* Dckt. No. 1. For the reasons stated below, plaintiff fails to state a cognizable claim upon which relief can be granted.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff appears to seek relief based solely on his allegation that the Supreme Court found that overcrowded conditions of confinement in California's prisons are unconstitutional. Plaintiff does not allege any facts to show how his

2

constitutional rights were violated. Moreover, the record reflects that plaintiff is confined to La Palma Correctional Center, in Arizona.

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the alleged rights deprivation, as there is no respondeat superior liability under section 1983. *Jones*, 297 F.3d at 934. That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Here, plaintiff does not allege how defendant Brown was personally involved in violating his rights.

Moreover, claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979). Thus, any claim for damages against defendant Brown in his official capacity must also fail.

### B. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes

exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

Here, plaintiff states that a grievance procedure is available at his place of confinement, but that he has not submitted the facts in his complaint through that grievance procedure because it is "n/a." Dckt. No. 1 at 1-2. Plaintiff appears to believe that exhaustion is not applicable to his claim. As discussed above, however, exhaustion is mandatory. *See Jones v. Felker*, No. Civ. S-08-0096 KJM EFB, 2011 U.S. Dist. LEXIS 13730, at *11-14 (E.D. Cal. Feb. 11, 2011). Given plaintiff's mistaken belief that he was not obligated to exhaust his administrative remedies, and his admission to not even initiating the administrative appeal process, it appears that plaintiff did not exhaust his administrative remedies prior to filing suit. Consequently, this action should be

////

////

dismissed.[1]  *See Wyatt*, 315 F.3d at 1120.  Plaintiff is hereby informed that if he decides to file a new action, he should not include this case number on the new complaint.  In addition, the new complaint should be accompanied by a properly completed, updated application to proceed in forma pauperis.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This action is dismissed for failure to state a claim and for failure to exhaust administrative remedies.

Dated: August 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

5